ROBINSON *vs.* VEAL *et al.*

1. For equity to set aside a verdict at law on account of newly discovered evidence, the evidence discovered must be decisive of the controversy, and there must be no want of diligence to discover it before the trial at law.

2. Where it is not alleged that the fact was unknown that the new witness was present when a conversation occurred, the mere allegation that what the witness will testify as to the conversation is newly discovered, will not suffice.

3. A newly discovered writing, which contradicts testimony given on the trial, will not support a bill for a new trial, unless the contradiction goes to the main point in controversy and is decisive of the same.

November 29, 1887.

Equity. Verdict. Evidence. New Trial. Before Judge RICHARD H. CLARK. Dekalb County. At Chambers, May 21, 1887.

Reported in the decision.

JOHN A. WIMPY, for plaintiff in error.

S. J. WINN & SON, for defendants.

BLECKLEY, Chief Justice.

This is a continuation of the litigation reported in *Veal et al. vs. Robinson*, 70 *Ga.* 809; *Veal et al. vs. Robinson*, 76 *Id.* 838, and *Robinson vs. Veal et al.*, 78 *Id.* 301. The present bill seeks to obtain a new trial after

verdict against the complainant at law, on account of newly discovered evidence, the discovery being, first, that a person who was present at a conversation between the complainant and Scruggs will testify that the complainant did not say in that conversation what Scruggs testified she said in regard to renting the land; and, secondly, a written order, signed by Veal, which shows that he ordered one Miller to deliver up to complainant's husband a note which the latter had given, though he, Veal, testified .at · the trial that he never gave Miller the note, nor sent to him any such order. A copy of the order is set forth in the bill, and is a mere direction to deliver up to complainant's husband the note because his father had given his (the father's note) in place of it. The chancellor, on demurrer, denied the injunction to stay the execution of final judgment in the suit at law, and dismissed the bill.

1, 2. Touching the new witness to the conversation between Scruggs and the complainant, there is no explanation in the bill why the evidence was not discovered before. There is no allegation that the complainant did not know that this person was present at the conversation. It is not a new fact that she was there, but a new fact that she will testify so and so; and there is not the least accounting for the failure to know beforehand how she would testify. Of course, this cannot be effectual in securing a new trial. If she did testify that way, it is not sufficiently certain that it would bring about a different result; but a preliminary trouble is, that it is not alleged that the complainant did not know that she was present on the occasion; and if the complainant did know it, what she would testify ought to have been discovered long ago.

3. The material matter in the trial at law, so far as the note is concerned, seems to have been the acknowledgment of tenancy implied in giving the note for rent, and not the fact or the means by which the note was taken up or discharged. The order is a direction to Miller, who

seems to have been a magistrate, to deliver the note; but in so far as the note was a recognition of title in Veal and Scruggs, and amounted to an acknowledgment of tenancy under them, its delivery up, on substituting another note by a different person for it, would not negative its effect or tend to do it. So there does not seem to be materiality enough in the newly found order to warrant the granting of a new trial. Nothing appears which would be decisive of the controversy, and settle it in complainant's favor. The verdict is better to rest upon than all which this bill seeks to bring forward.

Judgment affirmed.